UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

COIN LAUNDRY OF AMERICA III, LLC
and 2625 PROPERTY, LLC

      Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Coin Laundry of America III, LLC and Defendant 2625 Property, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S. Code §12102(1)(A), (2), 28 C.F.R. §36.105(b)(2), and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Coin Laundry of America III, LLC (also referenced as "Defendant Laundry," "operator," or "lessee") is a foreign limited liability company licensed to transact business in Florida and is the operator/owner of the Coin Laundry of America laundromat located at 2625 SW 22 Street (Coral Way), Miami, Florida 33145.

6. Defendant 2625 Property, LLC (also referenced as "Defendant 2625 Property," "Owner," or "lessor") is a foreign limited liability company licensed to transact business in Florida which is the registered owner of commercial real property identified as Folio 01-4110-026-1110 with the address 2625 SW 22 Street (Coral Way), Miami, Florida 33145.

## FACTS

7. Defendant 2625 Property's 2625 SW 22 Street (Coral Way) commercial property is built out as a laundromat which, on information and belief, is leased to Defendant Laundry (the lessee). The lessee in turn has operated its laundromat within that leased space.

8. At all times material hereto, Defendant Laundry has been the owner/operator of the Coin Laundry of America laundromat which is the subject of this instant complaint.

2

Defendant's laundromat is open to the public and therefore it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104(6). The Coin Laundry of America laundromat which is the subject to this action is also referred to as "Coin Laundry of America (laundromat)," "laundromat," or "place of public accommodation."

9. As the owner/operator of a laundromat which is open the public, Defendant Laundry is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates a laundromat open to the public as defined within 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104(6).

10. The subject property is in close proximity to Plaintiff's home. On May 4, 2022 Plaintiff went to that laundromat with the intent of washing clothes and blankets and to test for compliance with the ADA/ADAAG.

11. While parking his car and perambulating into the laundromat at 2625 Coral Way, Plaintiff met with multiple areas of inaccessibility and non-ADA compliance. Then, while Plaintiff was within the laundromat Plaintiff met with additional areas of inaccessibility due to his being confined to his wheelchair.

12. Due to the inaccessible public spaces within Defendants' place of public accommodation, Plaintiff has been denied full and equal access by the operator of that laundromat (Defendant Laundry) and by the owner of the commercial property which houses the laundromat (Defendant 2625 Property).

13. On information and belief, Defendant Laundry is well aware of the ADA and the need to provide for equal access in all areas of its Coin Laundry of America laundromat. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by

insuring that its laundromat is/was fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.303.

14.     As the owner of commercial property which is operated as a laundromat open to the public, Defendant 2625 Property is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104(6). As an investor and owner of commercial property being used as a Place of Public Accommodation, Defendant 2625 Property should be well aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that the laundromat located within its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.303.

15.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16.     Plaintiff continues to desire to patronize and/or test the Coin Laundry of America laundromat located at 2625 Coral Way, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

17.     Any and all requisite notice has been provided.

18.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of

4

this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited and tested the Coin Laundry of America laundromat located at 2625 Coral Way for compliance with the ADA/ADAAG, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access when he patronized/tested the laundromat. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant Laundry (operator of the Coin Laundry of America laundromat) and Defendant 2625 Property (owner of the commercial property housing the laundromat) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the laundromat in derogation of 42 U.S.C. §12101 *et seq.,* and as

prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject Coin Laundry of America laundromat.

24. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant 2625 Property's commercial property and the laundromat which Defendant Laundry operates therein are in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Laundry (lessee/operator) and Defendant 2625 Property (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as there are no designated accessible parking spaces for the laundromat patrons. Failure to provide designated handicap (ADA) parking spaces within the laundromat's parking lot is a violation of Section 4.1.2 of the ADAAG and Section

    208.2 of the 2010 ADA Standards for Accessible Design. Section 4.1.2 states that an accessible site must meet the minimum requirements, Section 4.1.2(1) states one minimum requirement is for accessible parking spaces.

ii. As to Defendant Laundry (lessee/operator) and Defendant 2625 Property (owner/lessor of the property) (jointly and severally), the parking lot which services the laundromat does not have the minimum number of compliant accessible parking spaces. Failure to provide a minimum number of accessible parking spaces within the parking lot which services the laundromat is a violation of 28 C.F.R. Part 36, Sections 4.6.1 through 4.6.5 and Section 4.1.2 and Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. Section 4.1.2(5)(a) states that accessible parking spaces must be provided such that the parking area complies with the table provided within this section (in this instant case, a parking lot with up to 50 space shall have 2 accessible parking spaces and a parking lot with up to 75 space shall have 3 accessible parking spaces). Section 4.6.3 states that accessible parking spaces must be at least 96 in (2440 mm) wide and must be part of an accessible route to the public accommodation's entrance. Section 502.4 states that access aisles are to be placed on either side of the accessible parking space (except for angled van parking spaces, which shall have access aisles located on the passenger side of the parking space).

iii. As to Defendant Laundry (lessee/operator) and Defendant 2625 Property (owner/lessor of the property) (jointly and severally), the laundromat parking lot does not provide compliant directional and informational signage to a compliant accessible parking space which is a violation of Section 4.6.4 of the ADAAG and

       Section 216.5 of the 2010 ADA Standards for Accessible Design. Section 4.6.4 states that accessible parking spaces must be designated as reserved by a sign showing the symbol of accessibility (pursuant to Section 4.30.7), and that the sign must be located so that it cannot be obscured by a vehicle parked in that accessible space, and that spaces complying with Section 4.1.2(5)(b) (for van access) shall have additional signage stating "Van Accessible" mounted below the symbol for accessibility Such signs shall *be located so they cannot* be obscured by a vehicle parked in the space. Section 216.5 states that accessible parking spaces must be identified by signs complying with Section 502.6 which states that the international symbol of accessibility must identify accessible parking spaces.

  iv.  As to Defendant Laundry (lessee/operator) and Defendant 2625 Property (owner/lessor of the property) (jointly and severally), the parking space access isles not marked which is in violation of Section 502.3.3 which states that access isles shall be marked (to discourage use as additional parking spaces). Advisory 502.3.3 does not specify method and color of marking, and leaves this to State or local laws and regulations. Florida State FBC Fig 9, FDOT Index #17346 states that markings are to be blue and white and that the space between the blue and white line is 2" and that the access aisle is to be measured from the centerline of the white lines.

  v.  As to Defendant Laundry (lessee/operator) and Defendant 2625 Property (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty perambulating to the laundromat from the parking lot as there is no existing accessible route to help persons with disabilities safely maneuver through the parking lot into the laundromat. This is in overall violation of Section 206.2 of the

    2010 ADA Standards for Accessible Design which states that at least one accessible route must be provided from accessible parking spaces and accessible passenger loading zones as well as from public streets and sidewalks and public transportation stops to the accessible building. This is a further violation of Section 4.7.2 of the ADAAG which states that the maximum slope of curb ramps shall not exceed 1:20, and that they comply with Section 4.8.2 and that the slope must be measured as depicted within Fig. 11, with transitions being flush and free of abrupt changes, which also is a violation of Section 406.3 of the 2010 ADA Standards. This is also a violation of 4.3.7 of the ADAAG which states that an accessible route with a running slope greater than 1:20 shall comply with Section 4.8, and the cross slope of an accessible route shall not exceed 1:50. Likewise, this is violation of Section 403.3 of the 2010 ADA Standards which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope of walking surfaces shall not be steeper than 1:48.

vi.    As to Defendant Laundry (lessee/operator) and Defendant 2625 Property (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. This is in overall violation of Section 206.2.2 of the 2010 ADA Standards for Accessible Design which states that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site.  This is also in violation of Section 303 of the 2010 ADA Standards which states that changes in level must be beveled (Section 303.3) and/or ramped (Section 303.4) (as applicable).  This is also in violation of Section 402 (running

9

      slope provisions for accessible routes) and Section 403 (requirements for walking surfaces of accessible routes) of the 2010 ADA Standards. Defendants are also in violation of the ADAAG Section 4.5 which states that ground and floor surfaces along accessible routes, walks, ramps, stairs, and curb ramps, shall be stable, firm, and slip-resistant. This is also a violation of Section 4.3.2(2) of the ADAAG which states: "at least one accessible route shall connect accessible buildings … and spaces that on the same site."

vii.   As to Defendant Laundry (lessee/operator) and Defendant 2625 Property (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty in his transit towards to the laundromat from the parking lot as there is a change in level in the transition from the parking lot to the laundromat service area. This is in violation of Section 4.3.8 of the ADAAG which states that if an accessible route has changes in level greater than ½ in (13 mm), then a curb ramp or ramp must be provided. This is also in violation of Section 4.7.4 of the ADAAG which states that surfaces of curb ramps must comply with 4.5 (requiring accessible ground and floor spaces), and Section 4.5.2 which states that changes in level between ¼ in and ½ in (6 mm and 13 mm respectively) shall be beveled with a slope no greater than 1:2, and changes in level above ½ in. require a ramp.  This is also in violation of Section 206.2 of the 2010 ADA Standards for Accessible Design (delineated at v above), as well as Section 403.4 (changes in level shall comply with 303, as delineated above at vi) and Section 406 which delineates that curb ramps counter slopes (of adjoining gutters and road surfaces immediately adjacent thereto) may not be steeper than 1:20 and adjacent surfaces at transitions must be at the same level (406.2) and that the sides of

    curb ramps must not be steeper than 1:10 (406.3), and that landings must be provided at the top of curb ramps (406.4).

viii. As to Defendant Laundry (lessee/operator) and Defendant 2625 Property (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty perambulating within the laundromat towards the service area without assistance, as the interior of the laundromat does not maintain the required clear width requirements, thus creating barriers for people using wheelchairs or other mobility devices. This is a violation of Section 4.3.3 of the ADAAG which states that "at least one accessible route shall connect accessible buildings … and spaces that on the same site" and Section 403.5.1 of the 2010 ADA Standards for Accessible Design which state that the clear width of walking surfaces shall be 36 inches (915 mm) long minimum and 36 inches (915 mm) wide minimum. This is also a violation of Section 403.5.2 of the 2010 ADA Standards which states that, where the accessible route makes a 180 degree turn around an element which is less than 48 inches (1220 mm) wide, clear width shall be 42 inches (1065 mm) minimum approaching the turn, 48 inches (1220 mm) minimum at the turn and 42 inches (1065 mm) minimum leaving the turn.

ix. As to Defendant Laundry (lessee/operator) and Defendant 2625 Property (owner/lessor of the property) (jointly and severally), the seating provided at the laundromat does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 and 902 of the 2010 ADA Standards for Accessible Design. A minimum number of fixed or built-in seating or tables are required to be accessible (as defined by Section 4.1) and must comply with Section 4.32 which

11

states that seating spaces for people in wheelchairs must provide clear floor space (Section 4.2.4), and that clear floor space shall not overlap knee space by more than 19 inches (485 mm) (see Fig. 45). Section 4.2.1 states that the minimum clear floor or ground space required to accommodate a single, stationary wheelchair and occupant is 30 inches by 48 in (760 mm by 1220 mm) (see Fig. 4(a)).

27. Pursuant to 42 U.S.C. §12101 *et seq.*, and 28 C.F.R. §36.304, Defendants have been required to make the laundromat commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order for Defendants to alter the commercial property and the laundromat located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant 2625 Property, LLC (owner of the commercial property housing the Coin Laundry of America laundromat) and Defendant Coin Laundry of America III, LLC (lessee and operator of that Coin Laundry of America laundromat) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Coin Laundry of America laundromat located therein such that it

becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 16th day of May, 2022

                        Respectfully submitted,

                        */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*